REDMANN, Judge.
Plaintiff sued on a note executed by Rosario Guastella Sr. and Jr., mistakenly alleging that the note attached to the petition was also signed by Guastella East, Inc. After exception by the corporation, plaintiff filed a supplemental and amending petition, alleging that the corporation “is simply a corporate veil” for the Guastellas; and that plaintiffs should be able to maintain a materialmen’s lien against the corporation’s property for the debt for materials represented by the note. There was judgment against the Guastellas and the corporation for the amount of the note. We reverse as to the corporation, which alone appeals.
The corporation is not liable on the note, which was signed by the Guastellas both individually and for “Guastella East Construction Company”, which was a partnership which built apartments on land belonging to the corporation. The note was for materials for the apartment buildings, but no lien was ever filed (and the only evidence is that the “lien right had expired” when the note was taken).
There is evidence from which one might arguably conclude (1) that the Guastellas are the true owners of two thirds or all of the corporate stock (a point we cannot decide because the stock is registered to three other persons not made parties to this action), and (2) that the corporation’s affairs were not so managed as to preserve the shareholders’ freedom from liability for corporate obligations. Thus, if what is sought were the usual piercing of the corporate veil so as to hold shareholders liable for corporate debts (and if the registered shareholders had been made parties), the proof might suffice.
*572 But plaintiff seeks, to the contrary, to hold the corporation liable for its (alleged) shareholders’ debt. This is an unnecessary and therefore unavailable remedy: if the individual judgment debtors are truly the shareholders of the corporation, their shares can be seized and sold in execution of the judgment against them; and if, on the other hand, the corporate assets (real estate) are truly the assets of the individuals rather than of the corporation, then those assets can be seized and sold in execution of the judgment against the individuals. But in neither case does the juridical person of the corporation become liable for the personal debts of the individuals.
The corporation is therefore not liable for the Guastella debt.
Moreover, the attachment of the corporation’s property on the basis that the Guas-tellas had sold their homes and vanished was without legal foundation under C.C.P. 3541. But the corporation showed no damages from the attachment other than attorney’s fees, which “may be included as an element of damages” under C.C.P. 3506. “May” gives discretion and we are sufficiently suspicious that the Guastellas are secret shareholders of the corporation that we decline to allow attorney’s fees to the corporation.
Reversed as to Guastella East, Inc.; attachment dissolved; plaintiff to pay all of Guastella East, Inc.’s costs.